In re Russell Craig COLLINS, Relator.

No. 14–07–00624–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Dec. 17, 2007.

Edwin Armistead Easterby, Golda R. Jacob, Collyn A. Peddie, Houston, TX, for appellants.

Dennis M. Slate, Deer Park, Chad P. Ellis, Richmond, Donald M. Hunt, Lubbock, James E. Doyle, Houston, TX, for appellees.

Panel consists of Justices YATES, FOWLER, and GUZMAN.

## OPINION

EVA M. GUZMAN, Justice.

In this original proceeding,[1] relator, Russell Craig Collins, seeks a writ of mandamus compelling respondent, the Honorable Robert J. Kern, to strike: (1) that portion of respondent's temporary orders requiring Collins to cease prosecuting his minor daughter's wrongful death claims as her next friend, and (2) that portion of respondent's order dated May 30, 2007, in which respondent appointed an amicus attorney to act as next friend to Collins's minor daughter. We conditionally grant the writ.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Collins is the father of S.E.E., although he was never married to the child's mother. On May 23, 2000, the 387th District Court of Fort Bend County [2] issued an Agreed Order appointing S.E.E.'s parents as joint managing conservators, but granting S.E.E.'s mother the exclusive right to determine S.E.E.'s primary residence.[3] Moreover, "[t]he conservator designated with the primary physical residence of the child" was given the exclusive "power to represent the child in legal action and to make other decisions of substantial legal significance concerning the child including the right to establish the primary residence of the child. . . ." [4] S.E.E. resided with her mother.

On March 28, 2007, S.E.E.'s mother was killed in a fire in a Houston office building. Within two days, Collins sought legal counsel to pursue S.E.E.'s claims arising from her mother's death. Collins consulted attorneys Tom Rowatt and James Doyle and retained the law firm of Williams Kherk-

---

1. The underlying lawsuit is styled *In the Interest of* [S.E.E.], *Minor Child*, Cause No. 99–CV–110, 167 (387th Dist. Ct., Fort Bend County, Texas).

2. This court has continuing exclusive jurisdiction over any suit affecting the parent-child relationship ("SAPCR") concerning S.E.E.

3. Font normalized.

4. Font normalized.

her, L.L.P. to represent S.E.E.[5] In his asserted capacity as S.E.E.'s next friend, Collins intervened in a suit filed in the 133rd District Court of Harris County by unrelated plaintiffs seeking damages arising from the same fire in which S.E.E.'s mother was killed.[6] But two days before Collins intervened in that suit, S.E.E.'s maternal grandfather, who also purported to act as S.E.E.'s next friend, filed an original wrongful death suit in the 152nd District Court of Harris County.[7] Both maternal grandparents (the "Grandparents") also asserted their own claims for damages.

On April 23, 2007, the Grandparents obtained an ex parte temporary restraining order in the 387th District Court of Fort Bend County. The trial court deleted the Grandparents' proposed provision that would have restrained Collins from "filing legal causes of action or making legal decisions on behalf of the child or the interest in her deceased mother's estate" and granted the requested temporary restraining order without further change. The next day, the Grandparents filed a Petition to Modify the Parent–Child Relationship seeking sole managing conservatorship of S.E.E. and again asked the trial court to restrain Collins from filing legal causes of action or making legal decisions on S.E.E.'s behalf. The trial court set a hearing for May 23, 2007 to determine, *inter alia*, whether to issue a temporary injunction and whether the Grandparents "should be appointed the temporary conservator[s] who ha[ve] the right to desig-nate the primary residence of the child with the rights and duties of a sole managing conservator including the exclusive right to make all legal decisions including, but not limited to, filing lawsuits." In the meantime, Collins filed a counter-petition in which he also sought sole managing conservatorship of the child.

The hearing originally set for May 23, 2007 was apparently postponed for a week, and on May 30, 2007, the trial court appointed Chad P. Ellis as an amicus attorney "to provide legal services necessary to assist the Court in protecting the best interests of" S.E.E. The trial court ordered the Grandparents and Collins each to deposit $1,000 with Ellis, and further ordered as follows:

> IT IS ORDERED that the Amicus Attorney is granted the right to contract for legal services on behalf of the child in regards to legal counsel for representation in litigation resulting from the death of the child's mother. IT IS ORDERED that the Amicus Attorney shall have the right to bring suit on behalf of the child the subject of this suit in regards to any legal action involving the death of the child's mother. The Amicus Attorney is not claiming nor shall he be due a referral fee[.]

> IT IS ORDERED that for any litigation involving the child the subject of this suit, the Amicus Attorney shall attend all hearings, depositions and trials and shall review all pleadings, correspondence, discovery requests/respons-

---

5. James Doyle also represented Collins in the modification proceeding below and in connection with Collins' petition for writ of mandamus.

6. *Willie Hargrove, Individually and as Next Friend of Porscha Daniels, and as Representative of the Estate of Jeanette Hargrove v. Boxer Prop. Mgmt., 9343 N. Loop, LP and Misty Ann Weaver,* Cause No.2007–22019. Collins filed a petition in intervention in the case on April 26, 2007.

7. *Jerome H. Ellis, Individually and as Next Friend of* [S.E.E.], *and as Representative of the Estate of Shana Ellis, Deceased, and Sally Ellis, Individually v. Boxer Prop. Mgmt., 9343 N. Loop, LP and Misty Ann Weaver,* Cause No.2007–25455.

es, expert reports and other case materials.

IT IS ORDERED that with regard to litigation involving the child the subject of this suit, including litigation in other counties, the parties, their agents and/or legal representatives shall provide the Amicus Attorney with notice of all hearings, trial settings, deposition dates and times.

IT IS ORDERED that with regard to litigation involving the child the subject of this suit, including litigation in other counties, the parties, their agents and/or legal representatives shall provide the Amicus Attorney with copies of all pleadings, correspondence, discovery requests/responses, expert reports and any other case materials received by the parties or counsel.

At a further hearing on June 26, 2007, the trial court stated, "All parties are ordered to cease personal injury lawsuits on behalf of the child[,] and Attorney Ellis, not the grandparents or the father[,] will have the sole right to make legal decisions on behalf of the child...." Counsel for the Grandparents indicated to the trial court that their action on S.E.E.'s behalf had been dismissed, although they continued to maintain the action in their own right for the wrongful death of their daughter, S.E.E.'s mother.

In his asserted capacity as S.E.E.'s next friend, the amicus attorney retained Mark Lanier to act as S.E.E.'s attorney of record. Lanier filed an original suit in County Court at Law No. 3 of Fort Bend County seeking damages for the death of S.E.E.'s mother;[8] however, the parties report that the Fort Bend wrongful death

case was subsequently dismissed and refiled in Harris County.

On July 16, 2007, the trial court signed temporary orders appointing Collins and the Grandparents joint managing conservators, and awarded the Grandparents "the exclusive right to designate the primary residence of the child...." Collins then sought mandamus relief to compel the trial court to vacate those portions of its orders that permitted Ellis to act as S.E.E.'s next friend, hire legal counsel for her, and be paid for services performed in connection with litigation (other than the instant SAPCR) in which S.E.E. is a party.

## II. ISSUES PRESENTED

Collins asserts that the trial court's rulings "purport[ ] to confer rights to the amicus attorney that are well beyond the scope of section 107.003 [of the Texas Family Code], and in direct violation of [r]elator's constitutional and statutory rights as a parent."[9] Specifically, Collins challenges the respondent's orders authorizing the amicus attorney to hire legal counsel to represent S.E.E., to appear as her next friend, and to receive compensation for work performed in cases other than the instant conservatorship action. We also preliminarily address the Grandparents' arguments that Collins waived his right to protest the trial court's rulings and that he did not have the authority to bring suit on his daughter's behalf.

## III. STANDARD OF REVIEW

 Mandamus relief is available only if the court clearly abused its discretion and the party has no adequate remedy by appeal. *In re Sw. Bell Tel. Co.,* 35 S.W.3d 602, 605 (Tex.2000) (orig.proceeding). A

---

8. *Chad Ellis a/n/f* [S.E.E.] *v. Boxer Prop. Mgmt. and 9343 North Loop, L.P.,* Cause No. 20,411–A.

9. No constitutional arguments have been briefed; therefore, this complaint has been waived. *See* Tex.R.App. P. 33.1(h).

trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law, or if it clearly fails to correctly analyze or apply the law. *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex.2005) (orig.proceeding); *see also In re Fort Worth Childrens' Hosp.*, 100 S.W.3d 582, 590–91 (Tex.App.-Fort Worth 2003, orig. proceeding [mand. dism'd]) (conditionally granting writ of mandamus to vacate order that appointed guardian ad litem under circumstances not authorized by statute).

## IV. ANALYSIS

### A. Waiver

■ We must begin our analysis by addressing the Grandparents' argument concerning waiver. They contend in their brief that "[w]hile Mr. Collins's counsel had originally objected to naming Mr. Ellis as amicus, she later told the Court that Mr. Collins was not interested in managing the litigation." Specifically, Collins's counsel stated:

> And Mr. Collins knows—I've discussed this with him ad nauseam. He has no pecuniary interest in a lawsuit that can be brought in [S.E.E.'s] name. He respects the Court's ruling on Mr. Ellis spearheading the litigation for the child. And at this point, he's only here because he wants to be the managing conservator of his daughter.

Thus, the Grandparents argue that Collins's petition must be denied because his counsel "judicially admitted" during the temporary custody hearing that he respected the trial court's order concerning the powers of the amicus attorney. We disagree.

■ A judicial admission is "a formal waiver of proof usually found in pleadings or the stipulations of the parties." *Hennigan v. I.P. Petroleum Co., Inc.*, 858 S.W.2d 371, 372 (Tex.1993) (per curiam) (quoting *Mendoza v. Fid. & Guar. Ins. Underwriters, Inc.*, 606 S.W.2d 692, 694 (Tex.1980)). The statements of counsel at issue here do not constitute a judicial admission because litigants are required to "respect" all rulings of the court. Moreover, Collins's counsel further stated that "we believe that under the law, [Collins] has the right to be the managing conservator of this child. He is the sole remaining *parent* that is living and he wants to serve *in that capacity*." (emphasis added). Inasmuch as the parent of a child has "the right to represent the child in legal action and to make other decisions of substantial legal significance concerning the child[,]" [10] we cannot conclude that Collins has waived the issues presented here.

### B. The Wrongful Death Suit Brought by Collins as S.E.E.'s Next Friend

■ Collins begins with the contention that, as S.E.E.'s father, he was authorized to assert S.E.E.'s wrongful death claims as S.E.E.'s next friend. The Grandparents respond that the prior court order granted S.E.E.'s mother the exclusive right to take legal action on S.E.E.'s behalf. As previously noted, this prior order provided that "[t]he conservator designated with the primary physical residence of the child" had the exclusive "power to represent the child in legal action and to make other decisions of substantial legal significance concerning the child including the right to establish the primary residence of the child...." [11] But "in the event of the death of the managing conservator, the surviving parent has a right to possession of the chil-

---

**10.** Tex. Fam.Code Ann. § 151.001(a)(7) (Vernon Supp.2007).

**11.** Font normalized.

dren...." *Greene v. Schuble,* 654 S.W.2d 436, 438 (Tex.1983).

Although a parent's right to "possession" and issues of conservatorship (or the child's residence) are distinct legal concepts,[12] we agree that the mother's rights to establish S.E.E.'s residence and to exercise S.E.E.'s legal rights were extinguished upon her death. At that time, the right to take legal action on S.E.E.'s behalf passed to Collins as her only surviving parent. *See Massey v. Galvan,* 822 S.W.2d 309, 319 (Tex.App.-Houston [14th Dist.] 1992, writ denied) (when the managing conservator dies, the surviving parent has the right to contract for the minor children); *see also* Tex.R. Civ. P. 44 (minors who have no legal guardian may sue and be represented by a "next friend"); [13] Tex. Fam.Code Ann. § 151.001(a)(7) (Vernon Supp.2007) (subject to court orders, the parent of a child has "the right to represent the child in legal action and to make other decisions of substantial legal significance concerning the child"); *Urbish v. 127th Judicial Dist. Court,* 708 S.W.2d 429 (Tex.1986) (orig.proceeding) (affirming trial court's order denying father's motion, as managing conservator, to replace mother as son's next friend). We therefore conclude that Collins acted within his authority in asserting his daughter's claims.

## C. Amicus Attorneys Appointed in SAPCRs

### 1. The Role of an Amicus Attorney in a SAPCR

■ In a suit affecting the parent-child relationship, an amicus attorney may be appointed to assist the court [14] in determining the best interests of the child.[15] For the purposes of such a suit, the role of an "amicus attorney" is statutorily defined:

> "Amicus attorney" means an attorney appointed by the court in a suit, other than a suit filed by a governmental entity, whose role is to provide legal services necessary to assist the court in protecting a child's best interests rather than to provide legal services to the child.

Tex. Fam.Code Ann. § 107.001(1); *see also O'Connor v. O'Connor,* 245 S.W.3d 511, 516, No. 01–06–00445–CV, 2007 WL 1440990, at *4 (Tex.App.-Houston [1st Dist.] May 17, 2007, no pet. h.) ("Because the amicus attorney is 'to provide legal services to assist the court,' the trial court is, in effect, the amicus attorney's client for a limited purpose. But the trial court is not a party...."). The Texas Family Code sets forth the duties of an amicus attorney in some detail:

> An ... amicus attorney appointed to assist the court:
>
> (1) shall:
>
> (A) subject to Rules 4.02, 4.03, and 4.04, Texas Disciplinary Rules of Professional Conduct, and within a reasonable time after the appointment, interview:
>
> (i) the child in a developmentally appropriate manner, if the child is four years of age or older;
>
> (ii) each person who has significant knowledge of the child's history

---

12. *See In re C.A.M.M.,* 243 S.W.3d 211, 218, No. 14–06–00279–CV, 2007 WL 3145835, at *5 (Tex.App.-Houston [14th Dist.] October 30, 2007, no pet. h.) (stating that *Greene's* holding is limited to the right of possession, and is not dispositive of conservatorship issues).

13. There is no evidence that any other person was authorized to act as S.E.E.'s guardian upon her mother's death.

14. Tex. Fam.Code Ann. § 107.003.

15. *Id.* § 107.005.

and condition, including any foster parent of the child; and

(iii) the parties to the suit;

(B) seek to elicit in a developmentally appropriate manner the child's expressed objectives of representation;

(C) consider the impact on the child in formulating the attorney's presentation of the child's expressed objectives of representation to the court;

(D) investigate the facts of the case to the extent the attorney considers appropriate;

(E) obtain and review copies of relevant records relating to the child as provided by Section 107.006;

(F) participate in the conduct of the litigation to the same extent as an attorney for a party;

(G) take any action consistent with the child's interests that the attorney considers necessary to expedite the proceedings;

(H) encourage settlement and the use of alternative forms of dispute resolution; and

(I) review and sign, or decline to sign, a proposed or agreed order affecting the child;

(2) must be trained in child advocacy or have experience determined by the court to be equivalent to that training; and

(3) is entitled to:

(A) request clarification from the court if the role of the attorney is ambiguous;

(B) request a hearing or trial on the merits;

(C) consent or refuse to consent to an interview of the child by another attorney;

(D) receive a copy of each pleading or other paper filed with the court;

(E) receive notice of each hearing in the suit;

(F) participate in any case staffing concerning the child conducted by an authorized agency; and

(G) attend all legal proceedings in the suit.

TEX. FAM.CODE ANN. § 107.003. In addition to these duties, the following responsibilities are imposed upon an amicus attorney:

(a) Subject to any specific limitation in the order of appointment, an amicus attorney shall advocate the best interests of the child after reviewing the facts and circumstances of the case. Notwithstanding Subsection (b), in determining the best interests of the child, an amicus attorney is not bound by the child's expressed objectives of representation.

(b) An amicus attorney shall, in a developmentally appropriate manner:

(1) with the consent of the child, ensure that the child's expressed objectives of representation are made known to the court;

(2) explain the role of the amicus attorney to the child;

(3) inform the child that the amicus attorney may use information that the child provides in providing assistance to the court; and

(4) become familiar with the American Bar Association's standards of practice for attorneys who represent children in custody cases.

(c) An amicus attorney may not disclose confidential communications between the amicus attorney and the child unless the amicus attorney determines that disclosure is necessary to assist the court regarding the best interests of the child.

*Id.* § 107.005. Thus, Collins argues that the trial court was not authorized to appoint Ellis to act as S.E.E.'s next friend, to hire counsel for her, or to be paid for work in other litigation in which she is a party, because these rights and duties exceed those authorized by the Family Code. *See id.* § 107.001(1) (the role of an amicus attorney is to assist the court); *O'Connor,* at 516, 2007 WL 1440990, at \*4 ("The amicus attorney is appointed specifically to assist the court. And the plain language of the statutory definition of amicus attorney can mean only that the amicus attorney assists *the court that appointed* [the amicus attorney.]") (emphasis added). We therefore consider the scope of the trial court's authority to appoint an amicus in the manner and with the powers at issue here.

### 3. Scope of Trial Court's Power to Appoint an Amicus Attorney in a SAPCR

A trial court's powers to make discretionary appointments are addressed in section 107.021 of the Texas Family Code:

(a) In a suit in which the best interests of a child are at issue, . . . the court may appoint *one* of the following:

(1) an amicus attorney;

(2) an attorney ad litem; or

(3) a guardian ad litem.

. . .

(b) In determining whether to make an appointment under this section, the court:

(1) shall:

(A) give due consideration to the ability *of the parties* to pay reasonable fees to the appointee; and

(B) balance the child's interests against the cost *to the parties* that would result from an appointment by taking into consideration the cost of available alternatives for resolving issues without making an appointment;

(2) may make an appointment only if the court finds that the appointment is necessary to ensure *the determination of the best interests* of the child, unless the appointment is otherwise required by this code; and

(3) may not require a person appointed under this section to serve without *reasonable* compensation for the services rendered by the person.[16]

TEX. FAM.CODE ANN. § 107.021(emphasis added).

Although intended to protect S.E.E.'s interest, the appointment here was based on incorrect premises:

Court: "[W]hat happened is that two parties [i.e., Collins and the Grandparents], *neither of whom have any legal right to represent this child,* I understand have filed lawsuits. Something needs to be done to protect this child."

(emphasis added). But Collins, as S.E.E.'s father, *did* have the legal right to assert S.E.E.'s claims and was acting as her next friend without charge. And there is no finding or evidence that the attorneys he hired acted in a manner that failed to protect S.E.E.'s best interests.[17]

16. *Compare id.* § 107.021(d) (requiring reasonable compensation to be paid to an amicus attorney) *with* TEX.R. CIV. P. 44 (concerning suits by a next friend and containing no requirement or permission for compensation). *See also Williams v. Sinclair–Prairie Oil Co.,* 135 S.W.2d 211, 218 (Tex.Civ.App.-Texarkana 1939, writ dism'd judgm't cor.) (holding that a next friend is not entitled for fees for such services).

17. We further note that a minor without a legal guardian and who is represented by a next friend can also be protected by the dis-

Ellis, however, advised the respondent as follows:

Ellis: I think one of the problems that they [i.e., counsel retained by Collins to represent S.E.E. in the wrongful death suit] haven't foreseen though, Judge, is if they are allowed to go forward in their suit and ultimately it is the other party [i.e., the Grandparents] that is granted the right to represent the child, then they [i.e., the attorneys] now represent the other party on behalf of the child which creates a huge conflict because they're representing a party who's in litigation with their former client.

And so, you know, that's one of the reasons I said—that I put in two paragraphs, No. 1, that the Amicus have [sic] the right to retain legal counsel and, No. 2, that for the time being, that that suit should be brought as the Amicus as next friend of [sic] and so that we don't run into conflict problems later on when this Court ultimately decides which of the parties have the right to go forward in litigation.

I don't want to make the settlement call. I don't want to make—I don't want to make major legal decisions in this case. If one of those was required, I would definitely come back to the Court. But I think for the time being, that's the way that this should proceed.

The Grandparents similarly assert that by purporting to confer the powers at issue on Ellis, "the Court wisely avoided the conflict which would have occurred if the Court had given one of the litigants the immediate right to choose counsel and then, after hearing all the evidence, named the [Grandparents] as managing conservators. . . ." They contend that, in those circumstances, they would be "forced to work with counsel who had been adverse to them in these custody proceedings." [18]

But the trial court's primary concern must be the child's best interest, not the interests of the Grandparents. TEX. FAM. CODE ANN. § 153.002 (Vernon 2002). Thus, the trial court could not expand the statutory powers of an amicus attorney on this basis. Moreover, the conflict described by Ellis and the Grandparents does not exist; there is no basis for the suggestion that one of the Grandparents, if given the exclusive right to make S.E.E.'s legal decisions, automatically would become a client of the attorneys retained by Collins to represent S.E.E. See Urbish, 708 S.W.2d at 431 n. 1 (stating that the Legislature did not intend "to require that every time you change managing conservators you have to change lawyers").

Collins's attorney pointed out that "there's going to be lots of legal proceedings and this could become [cost] prohibitive, not only to my client, but to [the Grandparents] as well. . . ." But despite

trict court in which the wrongful death action is pending. *See, e.g.,* TEX. PROP.CODE ANN. § 142.001(a) (Vernon 2007) (authorizing the trial court to "provide by decree for the investment of funds accruing to the minor" if the minor has no legal guardian and is represented by a next friend); *id.* § 142.002 (allowing trial court to order another person to take possession of funds recovered by minor and requiring next friend or other person to post bond before taking possession of minor's funds); *id.* § 142.004(a)(2) (addressing invest-

ment of minor's funds by the clerk of the court).

18. This argument is based on the false assumption that, in the event the Grandparents are awarded the right to take legal action on S.E.E.'s behalf, they would somehow be forced to "work with" the attorney retained by Collins to represent S.E.E., and that such conflict is avoided by respondent's appointment of Ellis as S.E.E.'s next friend. No legal or factual support has been offered for either contention.

the cost, it is clear from respondent's statements that Ellis was not hired simply to help the court determine S.E.E.'s best interests regarding conservatorship and the rights attending conservatorship, but for purposes beyond those authorized by statute:

> Court: This Court has a lot of respect for Mr. Ellis and the main reason that Mr. Ellis was appointed is, not only does he have experience from a family law standpoint, he's got experience *from a personal injury standpoint.*

(emphasis added). Moreover, the trial court considered payment from settlement of the wrongful death suit rather than the parties' ability to pay:

> Court: I have explained to Mr. Ellis that most of his fee is going to have to come out of any settlement. So, I do not intend that this Court is going to periodically tap the father or the grandmother for additional fees.

Apparently on Ellis's recommendation, the trial court ordered "that for any litigation involving [S.E.E.], the Amicus Attorney shall attend all hearings, depositions and trials and shall review all pleadings, correspondence, discovery requests/responses, expert reports and other case materials." The briefs indicate that, since her mother's death, S.E.E. has been involved in lawsuits in five courts across two counties.[19] But the amicus attorney's re-view of all of these documents and attendance at all of these depositions, hearings, and trials in the wrongful death cases would incur great costs without assisting the trial court to determine S.E.E.'s best interest with regard to conservatorship and without expediting the resolution of the conservatorship issues actually presented in this case.

Although the trial court acted in accordance with the recommendations of the amicus attorney appointed to assist the court in determining S.E.E.'s best interests, we conclude that the trial court abused its discretion in issuing orders that exceeded its authority. And for the reasons discussed below, we reject the Grandparents' arguments that the trial court was authorized by statute, necessity, or by its own inherent powers to confer the status of compensated "next friend" on the amicus attorney.

### 3. No Basis for Expanding Amicus Attorney's Authority

The Grandparents argue that section 107.003(1)(G) of the Texas Family Code gives the amicus attorney the power to "take any action consistent with the child's interests that the attorney considers necessary to expedite the proceedings" and contend that the amicus appointment prevented delay in the wrongful death case. But this argument is without merit for

---

19. See (1) *Willie Hargrove, Individually and as Next Friend of Porscha Daniels, and as Representative of the Estate of Jeanette Hargrove v. Boxer Prop. Mgmt., 9343 N. Loop, LP and Misty Ann Weaver,* Cause No.2007–22019 in the 133rd District Court of Harris County (in which Collins filed a petition in intervention as S.E.E.'s next friend on April 26, 2007); (2) *Jerome H. Ellis, Individually and as Next Friend of [S.E.E.], and as Representative of the Estate of Shana Ellis, Deceased, and Sally Ellis, Individually v. Boxer Prop. Mgmt., 9343 N. Loop, LP and Misty Ann Weaver,* Cause No.2007–25455 in the 152nd District Court of Harris County (i.e., the Grandparents' suit); (3) *In the Interest of* [S.E.E.], Cause No. 99–CV–110167 in the 387th District Court of Fort Bend County (i.e., this case); (4) *Chad Ellis a/n/f* [S.E.E.] *v. Boxer Prop. Mgmt. and 9343 North Loop, L.P.,* Cause No. 20,411–A in County Court at Law No. 3 of Fort Bend County; and (5) another wrongful death suit brought by the amicus attorney in Harris County. Although Collins concludes that the amicus's first wrongful death suit was dismissed and refiled, it also possible that venue was simply transferred.

several reasons. First, under the plain language of the statute, the phrase "to expedite the proceedings" refers to expediting the SAPCR, not a separate wrongful death case. *See O'Connor*, at 516, 2007 WL 1440990, at *4. Second, the statute does not authorize an amicus attorney to expedite a SAPCR by using powers not conferred by statute, and the statute does not purport to expand the amicus attorney's powers to allow him to act as S.E.E.'s next friend in other lawsuits, to enter contracts on S.E.E.'s behalf, or to participate in other litigation on S.E.E.'s behalf. *See* TEX. FAM.CODE ANN. §§ 107.003, 107.005 (Vernon Supp.2007). Third, the actions ordered by the trial court are not "consistent with the child's interests" as required by section 107.003(1)(G), because S.E.E. was already represented by counsel in the wrongful death litigation, and Collins could and did act as her next friend without charge.[20] Although the Grandparents argue that the trial court needed to appoint an amicus attorney to hire counsel to represent S.E.E. because it was necessary to obtain an injunction in the wrongful death suit[21] to prevent the destruction of evidence, S.E.E. was already being represented by attorneys hired by her father *and* attorneys hired by her Grandparents. No one contends that these various attorneys could not or did not protect her interests adequately.

The Grandparents also argue that by declaring Ellis to be S.E.E.'s next friend with the right to hire counsel, the trial court ensured that counsel would be retained in a timely manner so the personal injury litigation could go forward. This presumption, too, is based on a false premise, for there was no such issue. Collins had immediately retained counsel to assert S.E.E.'s interests, and the record does not reflect that any action by respondent was necessary to allow the wrongful death suit to proceed. In addition, the Grandparents argue that the trial court has the authority to limit the right of a sole managing conservator "even to the extent of giving that right to a third party." In support of this statement, they rely on sections 153.132 and 153.371 of the Family Code. *See id.* § 153.132 (addressing the rights and duties of a parent appointed as sole managing conservator); § 153.371 (addressing the rights and duties of a non-parent sole managing conservator). But neither statute applies here; in fact, S.E.E. has never had a sole managing conservator. Moreover, in the absence of an order to the contrary, a child's sole surviving parent can bring suit on the child's behalf, even though no court order appoints the parent as the sole managing conservator. *Massey*, 822 S.W.2d at 319; *see also* TEX. PROB. CODE ANN. § 676(b) (Vernon 2003) ("If one parent is dead, the survivor is the natural guardian of the person of the minor children and is entitled to be appointed guardian of their estates.").

■ In similar arguments, the Grandparents contend, and Collins disputes, that the trial court has inherent authority to confer the powers at issue on the amicus attorney. But "[t]he inherent powers of a court are those which it may call upon to aid in the exercise of its jurisdiction, in the administration of justice, and in the preservation of its independence and integri-

---

**20.** The record reveals no claim that Collins's interests in filing the wrongful death suit were adverse to his daughter's interests.

**21.** We cannot determine whether the Grandparents are referring to S.E.E.'s wrongful death suit in the 133rd District Court (brought by Collins as her next friend) or the 152nd District Court (brought by her Grandfather as her next friend).

ty." *Eichelberger v. Eichelberger,* 582 S.W.2d 395, 398 (Tex.1979). None of these purposes were served by orders purporting to appoint Ellis as S.E.E.'s next friend with the authority to hire counsel on her behalf and to charge for the services Ellis performed in attending and reviewing materials from the various wrongful death lawsuits involving S.E.E. The trial court lacked the power to retain counsel to represent S.E.E. in a different suit and could not accomplish the same ends through an amicus attorney. *See Thomas v. Anderson,* 861 S.W.2d 58, 61 (Tex.App.-El Paso 1993, no writ).

## V. CONCLUSION

In sum, we conclude the trial court abused its discretion by ordering Collins to cease prosecuting S.E.E.'s claims as her next friend and by ordering the amicus attorney to act as S.E.E.'s next friend, to hire counsel to represent her, and to be paid for services connected with the various wrongful death suits. We therefore conditionally grant Collins's petition for writ of mandamus directing Judge Kern to reform his prior orders as follows:

1. Order Appointing Amicus Attorney, signed May 30, 2007, at 1, & 2, changing "The Court hereby finds that Amicus Attorney is entitled to reasonable fees and expenses to be paid initially by the parties as follows ...." to "The Court hereby finds that Amicus Attorney is entitled to reasonable fees and expenses for his services in this modification proceeding, to be paid by the parties as follows....";[22]

2. Striking paragraphs 3–6 on page 3 of the Order Appointing Amicus Attorney, signed May 30, 2007;[23]

3. Striking the following language from page 15, Temporary Orders in Suit Affecting the Parent–Child Relationship, signed July 16, 2007: "IT IS ORDERED that all parties, their agents, and/or legal representatives cease any and all personal injury suits filed on behalf of the child. IT IS FURTHER ORDERED that CHAD ELLIS, Amicus, shall have the exclusive to [sic] right to file suit on behalf of the child subject of this suit."

We are confident that Judge Kern will make such changes; thus, a writ of mandamus will issue only if he declines to do so.

**22.** The phrase "reasonable fees and expenses for his services in this modification proceeding" does not include fees and expenses incurred by the amicus attorney for services rendered as S.E.E.'s next friend or in actions other than this SAPCR proceeding.

**23.** The paragraphs to be stricken are quoted in full in the Factual and Procedural Background section of the this opinion. Collins also asks this court to vacate respondent's "May 30, June 26, and July 16 orders [only with regard to the powers of the amicus attorney and the prosecution of [S.E.E.]'s lawsuit, referenced at page 15]," but we find no written order of June 26, 2007. To the extent that respondent's language at the hearing on that date constitutes an order, it was memorialized in the written order of July 16, 2007 and therefore is subject to the modification of that order. Collins also asks this court to order respondent to refrain from further appointments of amicus attorneys, attorneys ad litem, guardians ad litem, "or any other appointment made for the purpose of attempting to intervene in, interfere with, or relating to the pending wrongful death claim." Because the trial court could make only one discretionary appointment and has already done so, no such order is necessary. *See* Tex. Fam.Code Ann. § 107.021(a).