**_Affirmed in Part, Reversed and Remanded in Part, and En Banc Majority, Concurring, and Dissenting Opinions filed December 20, 2011.**



**In The**

# Fourteenth Court of Appeals

---

### NO. 14-09-01081-CV

---

### ROSSCER CRAIG TUCKER, II, Appellant

### V.

### LIZABETH THOMAS, Appellee

---

**On Appeal from the 312th District Court
Harris County, Texas
Trial Court Cause No. 2003-55104**

---

## E N B A N C   C O N C U R R I N G   O P I N I O N

I join the majority's holding that the trial court did not abuse its discretion in awarding attorney's fees as child support under the facts of this case. I write separately to emphasize and distinguish the propriety of the trial court's award of fees to the amicus attorney.

The amicus attorney is a relatively new statutory position.[1] The Family Code

---

[1] See Act of June 18, 2003, 78th Leg., R.S., ch. 262, 2003 Gen. Laws 1173, 1173–83 (current version at Tex. Fam. Code §§ 107.001–.056).

defines an "amicus attorney" as "an attorney appointed by the court in a suit . . . whose role is to provide legal services necessary to assist the court *in protecting a child's best interests* rather than to provide legal services to the child." Tex. Fam. Code § 107.001(1) (emphasis added).[2] Although often considered a lawyer for the child, the amicus is appointed to assist the court.[3] The court may appoint an amicus only if it finds the appointment necessary to determine the child's best interests and may not require an appointed amicus to serve without reasonable compensation. *See id*. § 107.021(b)(2)–(3); *see also In Re Collins*, 242 S.W.3d 837, 844 & n.16 (Tex. App.—Houston [14th Dist.] 2007, no pet.).

Here, the trial court found that "all amicus attorney's fees in this case are reasonable and necessary, as necessaries for the benefit and best interest of the children," and ordered appellant to pay half of the amicus attorney's fees "as additional child support." The majority correctly points out that Family Code section 107.023 explicitly authorized the trial court's finding that the amicus attorney's fees are "necessaries." *See* Tex. Fam. Code § 107.023(d). An order to pay amicus attorney's fees in the nature of child support thus should be interpreted as an order to pay such fees as "necessaries" for the children's benefit, consistent with the statute. *See id*.

In this case, the trial court made specific findings; however, even without such findings, the appointment of the amicus attorney can only be made if the court finds her services "necessary" to assist in protecting the child's best interests. *See id.* §§ 107.001(1), 107.021(b)(2). The trial court should be given broad discretion in making this determination. Since the court is not permitted to require an amicus to serve without reasonable compensation, the court must use all available tools to ensure that the amicus attorney is paid, including, when permitted by the statute, ordering such fees to be paid in

---

[2] Our paramount goal in suits that determine the needs of a child is also to protect the child's best interests. *Rodriguez v. Rodriguez*, 860 S.W.2d 414, 417 n.3 (Tex. 1993); *see also* Tex. Fam. Code § 153.002.

[3] Tex. Fam. Code §107.001(1); *see also In Re Collins*, 242 S.W.3d 837, 843–44 (Tex. App.—Houston [14th Dist.] 2007, no pet.).

the nature of child support. *See id.* § 107.023(d). This policy encourages competent attorneys to accept amicus attorney assignments and fulfill the vital role "to assist the court in protecting a child's best interests." *Id.* §§ 107.001(1); *see also id.* § 153.002.

With these comments, I concur in the court's holding that the trial court did not abuse its discretion in determining the amicus and attorney's fees to be "necessaries" for the children's benefit and ordering them to be paid as child support.


/s/      Martha Hill Jamison
              Justice


The en banc court consists of Chief Justice Hedges and Justices Frost, Seymore, Brown, Boyce, Christopher, Jamison, and McCally. Justice Anderson is not participating.

Justices Seymore, Brown, Boyce, and Jamison join the En Banc Majority Opinion authored by Justice Frost. Justice Frost issues a separate En Banc Concurring Opinion in which Justices Seymore and Brown join. Justice Jamison issues an En Banc Concurring Opinion. Justice Christopher issues an En Banc Dissenting Opinion in which Chief Justice Hedges and Justice McCally join.