MARTHA HILL JAMISON, Justice,
en banc concurring.
I join the majority’s holding that the trial court did not abuse its discretion in awarding attorney’s fees as child support under the facts of this case. I write sepa *715 rately to emphasize and distinguish the propriety of the trial court’s award of fees to the amicus attorney.
The amicus attorney is a relatively new statutory position.[1] The Family Code defines an “amicus attorney” as “an attorney appointed by the court in a suit ... whose role is to provide legal services necessary to assist the court in protecting a child’s best interests rather than to provide legal services to the child.” Tex. Fam.Code § 107.001(1) (emphasis added).[2] Although often considered a lawyer for the child, the amicus is appointed to assist the court.[3] The court may appoint an amicus only if it finds the appointment necessary to determine the child’s best interests and may not require an appointed amicus to serve without reasonable compensation. See id. § 107.021(b)(2)-(3); see also In Re Collins, 242 S.W.3d 837, 844 & n. 16 (Tex.App.Houston [14th Dist.] 2007, no pet.).
Here, the trial court found that “all ami-cus attorney’s fees in this case are reasonable and necessary, as necessaries for the benefit and best interest of the children,” and ordered appellant to pay half of the amicus attorney’s fees “as additional child support.” The majority correctly points out that Family Code section 107.023 explicitly authorized the trial court’s finding that the amicus attorney’s fees are “necessaries.” See Tex. Fam.Code § 107.023(d). An order to pay amicus attorney’s fees in the nature of child support thus should be interpreted as an order to pay such fees as “necessaries” for the children’s benefit, consistent with the statute. See id.
In this case, the trial court made specific findings; however, even without such findings, the appointment of the amicus attorney can only be made if the court finds her services “necessary” to assist in protecting the child’s best interests. See id. §§ 107.001(1), 107.021(b)(2). The trial court should be given broad discretion in making this determination. Since the court is not permitted to require an amicus to serve without reasonable compensation, the court must use all available tools to ensure that the amicus attorney is paid, including, when permitted by the statute, ordering such fees to be paid in the nature of child support. See id. § 107.023(d). This policy encourages competent attorneys to accept amicus attorney assignments and fulfill the vital role “to assist the court in protecting a child’s best interests.” Id. §§ 107.001(1); see also id. § 153.002.
With these comments, I concur in the court’s holding that the trial court did not abuse its discretion in determining the amicus and attorney’s fees to be “necessaries” for the children’s benefit and ordering them to be paid as child support.

. See Act of June 18, 2003, 78th Leg., R.S., ch. 262, 2003 Gen. Laws 1173, 1173-83 (current version at Tex. Fam.Code §§ 107.001-.056).

. Our paramount goal in suits that determine the needs of a child is also to protect the child’s best interests. Rodriguez v. Rodriguez, 860 S.W.2d 414, 417 n. 3 (Tex.1993); see also Tex. Fam.Code § 153.002.

.Tex. Fam.Code § 107.001(1); see also In Re Collins, 242 S.W.3d 837, 843-44 (Tex.App.Houston [14th Dist.] 2007, no pet.).