**Opinion filed December 30, 2016**



In The

# Eleventh Court of Appeals

_____

## No. 11-15-00311-CV

_____

## IN THE INTEREST OF L.T.M., A CHILD

**On Appeal from the 266th District Court**
**Erath County, Texas**
**Trial Court Cause No. CV32308**

## M E M O R A N D U M   O P I N I O N

K.M., the mother of L.T.M., challenges the trial court's order in which it modified the terms of possession and access to L.T.M.[1]  L.T.M.'s father, K.S., had filed a "petition" to modify, and K.M. claims that the trial court abused its discretion and that its order was invalid.  She also claims that the trial court violated her constitutional rights and alleges that "inconsistencies and perjury" operated as a fraud upon the trial court. We affirm.

---

[1]This case is one of two appeals before this court that concern L.T.M.; the other case is Cause No. 11-15-00312-CV, which is an appeal related to L.T.M.'s name change.

## I. *Evidence at Hearing*

L.T.M. is the adolescent child of K.M. and K.S. K.M. had primary custody of L.T.M. during his early childhood. Later, L.T.M. moved to Texas and lived with his father. When L.T.M. was twelve years old, the trial court granted K.S. the right to determine L.T.M.'s residence.[2] After K.S. designated Stephenville as L.T.M.'s residence, he moved to modify possession of and access to L.T.M. due to a substantial and material change of circumstances. K.S. requested that the scheduled phone calls that K.M. made to L.T.M., as well as other visitation, occur only when all parties, including L.T.M., agreed.

The trial court held a hearing; K.S. and his attorney appeared in person, while K.M. appeared through her attorney of record. During the hearing, the trial court conferred privately with L.T.M. about what he wanted. K.S. also testified at the hearing. K.S. noted that K.M.'s telephone calls to L.T.M. negatively affected L.T.M. K.S. explained that K.M.'s claim that she would regain custody of L.T.M. upset him and alienated him from her, as did her accusations that K.S. was a child molester and had kidnapped L.T.M. K.M.'s counsel cross-examined K.S., but counsel did not present any additional evidence on behalf of K.M. After the hearing, the trial court found it in L.T.M.'s best interest to grant K.S.'s request to modify possession of and access to L.T.M.

## II. *Standard of Review*

A trial court's decision to change possession of and access to a child is guided by the child's best interest. TEX. FAM. CODE ANN. § 153.002 (West Supp. 2014). A trial court abuses its discretion if it rules in an arbitrary or unreasonable manner or if it rules without reference to any guiding rules or legal principles. *Iliff v. Iliff*, 339

---

[2]This court notes that the underlying case began in Tarrant County and was later transferred to Erath County.

S.W.3d 74, 78 (Tex. 2011); *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985).

### III. *Analysis*

Although K.M. does not specifically identify the issues presented in her brief, we discern three issues from the arguments in her brief. In her first issue, K.M. argues that the trial court violated multiple constitutional rights when it ordered a change to her possession of and access to L.T.M. In her next issue, she asserts that the trial court abused its discretion when it granted K.S.'s request to modify possession of and access to L.T.M. Finally, she asserts that "inconsistencies and perjury" operated as a fraud upon the court.

### A. *Issue One: K.M. waived her constitutional challenges because she did not raise them at the trial court and inadequately briefed them on appeal.*

On appeal, K.M. asserts constitutional claims concerning the custody dispute and requests both declaratory judgments and injunctions in her favor. However, K.M. never objected to or raised these issues before the trial court, so she failed to preserve them for our review. *See* TEX. R. APP. P. 33.1(a)(1); *see also Tex. Dep't of Protective & Regulatory Servs. v. Sherry*, 46 S.W.3d 857, 861 (Tex. 2001) (holding that the appellant waived his constitutional challenge in a paternity case because he failed to raise those constitutional issues during trial); *Dreyer v. Greene*, 871 S.W.2d 697, 698 (Tex. 1993) ("As a rule, a claim, including a constitutional claim, must have been asserted in the trial court in order to be raised on appeal.").

Additionally, K.M. provides no applicable case law or argument to substantiate her constitutional claims. TEX. R. APP. P. 38.1; *see Republic Underwriters Ins. Co. v. Mex-Tex, Inc.*, 150 S.W.3d 423, 427 (Tex. 2004) (recognizing that Rule 38.1 requires appropriate citations); *San Saba Energy, L.P. v. Crawford*, 171 S.W.3d 323, 338 (Tex. App.—Houston [14th Dist.] 2005, no pet.) (holding that parties asserting error on appeal must put forth specific argument and

3

analysis showing the record and the law supports their contentions). K.M.'s status as a pro se litigant does not relieve her of her duty to properly brief her claims for appellate review. *See Wheeler v. Green*, 157 S.W.3d 439, 444 (Tex. 2005) (citing *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978)); *Pando v. Quinonez*, No. 11-13-00143-CV, 2014 WL 3360141, at *1 (Tex. App.—Eastland July 3, 2014, no pet.) (mem. op.). Because of her failure to raise her constitutional issues at the trial court level and her inadequate briefing, K.M. has waived those constitutional claims. We overrule K.M.'s first issue.

B. *Issue Two:* *The trial court did not abuse its discretion when it modified custody because the material circumstances had changed and the proposed modification was in L.T.M.'s best interest.*

The trial court is guided by the best interest of the child when it decides issues of conservatorship, possession, or access to a child. FAM. § 153.002. The trial court may change possession of and access to a child if the circumstances of the child, conservator, or other party have materially and substantially changed since the court entered the original order and if the change is in the child's best interest. FAM. § 156.101(a). The party that wants the custody changed bears the burden to establish that both a material and substantial change in circumstances occurred and that the change is in the child's best interest. *Ziefman v. Michels*, 212 S.W.3d 582, 589 (Tex. App.—Austin 2006, pet. denied); *Agraz v. Carnley*, 143 S.W.3d 547, 552 (Tex. App.—Dallas 2004, no pet.); *see In re M.R.*, 975 S.W.2d at 53.

Suits affecting the parent-child relationship are intensely fact driven, and the trial court is in the best position to observe witnesses and their demeanor. *In re S.N.Z.*, 421 S.W.3d 899, 908 (Tex. App.—Dallas 2014, pet. denied). Thus, the trial court's decision is given great latitude when determining the best interests of the child. *Id.* "We remain mindful that the trial judge is best able to observe and assess the witnesses' demeanor and credibility, and to sense the 'forces, powers, and influences' that may not be apparent from merely reading the record on appeal." *In*

4

*re A.L.E.*, 279 S.W.3d 424, 427 (Tex. App.—Houston [14th Dist.] 2009, no pet.) (quoting *Niskar v. Niskar*, 136 S.W.3d 749, 753 (Tex. App.—Dallas 2004, no pet.)). "We cannot weigh witness credibility issues that depend on the appearance and demeanor of the witnesses, for that is the factfinder's province." *In re A.B.*, 412 S.W.3d 588, 592 (Tex. App.—Fort Worth 2013), *aff'd*, 437 S.W.3d 498 (Tex. 2014) (citing *In re J.P.B.*, 180 S.W.3d 570, 573–74 (Tex. 2005)). We defer to the factfinder's determinations as long as they are not unreasonable. *Id.* When some substantive evidence supports the trial court's decision, there is no abuse of discretion, and the trial court's decision will be upheld. *In re S.N.Z.*, 421 S.W.3d at 908.

In this case, the trial court conferred privately with L.T.M. about his wishes. K.S. noted that K.M.'s telephone calls to her son alienated him from her. Her claim that she would regain custody of L.T.M. upset him, as did her accusations that K.S. was a child molester who had kidnapped L.T.M. The trial court also weighed K.S.'s credibility when it heard his testimony and the cross-examination by K.M.'s counsel. After a review of the record, we cannot say that the trial court abused its discretion when it found that a material and substantial change had occurred in L.T.M.'s circumstances and that the requested change in possession and access was in L.T.M.'s best interest. We overrule K.M.'s second issue.

C. *Issue Three: K.M. adduced no evidence to support her allegation of fraud upon the court.*

In her final issue, K.M. claims that this court should nullify the trial court's order because of fraud upon the court. K.M. claims that, contrary to K.S.'s assertion, L.T.M. wanted to talk to her by telephone in the past and that K.S. had abused L.T.M.; she also asserts that she should have custody because she has a larger family, including a church family of 100 people. K.M. relies upon *United States v. Throckmorton* to substantiate her claim that she was prevented from presenting her

case to the court. 98 U.S. 61, 65–66 (1878). However, *Throckmorton*'s discussion on fraudulent court proceedings is not relevant in this case because K.M. was represented by counsel and had the opportunity to cross-examine the only witness put forward by K.S. and to present evidence on her own behalf. Although *Throckmorton* lists several situations where fraudulent proceedings would vitiate a result because "there has never been a real contest in the trial or hearing of the case," none of the situations described in *Throckmorton* are present in this case. *Id.* at 66. K.M., represented by counsel, had her day in court. As we previously explained, the trial court chose to believe K.S., then exercised its discretion and accordingly modified possession of and access to L.T.M.

K.M. also claims that the assessment of amicus attorney, James Beam, constituted fraud upon the court because he made conflicting statements and did not contact all of K.M.'s references. "Amicus attorney" means "an attorney appointed by the court in a suit, other than a suit filed by a governmental entity, whose role is to provide legal services necessary to assist the court in protecting a child's best interest rather than to provide legal services to the child." FAM. § 107.001(1) (West Supp. 2016); *see In re Collins*, 242 S.W.3d 837, 842 (Tex. App.—Houston [14th Dist.] 2007, no pet.). An amicus attorney appointed to assist the court has several duties, one of which is that he investigate the case to the extent necessary to determine the facts of the case. FAM. § 107.003(a). Those duties do not include a requirement that the attorney contact every reference that a party may present to him; the attorney works for the court to protect the best interest of the child. *See* FAM. §§ 107.001(1), 107.003(a); *see also In re Collins*, 242 S.W.3d at 842.

K.M. also claims that Beam's recommendation discriminated against her because of her marital status, but she provided no evidence to support that claim. K.M. further asserts Beam overlooked several crucial pieces of information that she provided, and she speculates that he "collaborat[ed]" with the trial court, which "may

6

indicate a collaboration of fraud of the trial court to conspire against her." However, K.M. adduced no evidence that any collaboration occurred. From the record presented, it appears that K.M. falsely maligns the integrity of the trial court and Beam when she makes such accusations without any evidence to support them. We note that such accusations of collusion between counsel and a trial court are quite serious and can result in sanctions upon litigants or their attorneys if the allegations are groundless and brought in bad faith.[3] We overrule K.M.'s final issue.

## IV. *This Court's Ruling*

We affirm the order of the trial court.

MIKE WILLSON

JUSTICE

December 30, 2016

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.

---

[3]*See Clack v. Wollschlager*, No. 11-12-00269-CV, 2014 WL 2109384, at \*5–6 (Tex. App.—Eastland May 15, 2014, pet. denied) (Rule 13 sanctions upheld against attorney where allegations of collusion between opposing counsel and trial judge were groundless and made in bad faith); *Wallace v. Inv. Advisors, Inc.*, 960 S.W.2d 885, 888 (Tex. App.—Texarkana 1997, pet. denied) (Rule 13 sanctions against attorney that colluded to file lawsuit to depose nonparty witness for another forum, then dismiss the first lawsuit); *see also Olibas v. Gomez*, 242 S.W.3d 527, 534 (Tex. App.—El Paso 2007, pet. denied) (Rule 13 sanctions upheld against bail bondsman for bad faith pleadings filed against sheriff on open records request).