Rita RODRIGUEZ, Petitioner,

v.

George RODRIGUEZ, Respondent.

No. D–2746.

Supreme Court of Texas.

May 19, 1993.

Jo Chris G. Lopez, John Compere, San Antonio and Charles H. Robertson, Dallas, for petitioner.

Sam C. Bashara, San Antonio, for respondent.

## OPINION

ENOCH, Justice.

This case involves construction of the sections of the Texas Family Code (the "Code") governing child support when the obligor's net monthly resources exceed $4,000. The trial court awarded $2,500 in child support to be paid out of the obligor's net monthly resources of $8,900, based on the needs of the child and the net resources of the parents. The court of appeals reversed and remanded, holding that the child support award violated the Code provision limiting child support awarded from net monthly resources that exceed $4,000 to the proven needs of the child. 834 S.W.2d 369 (1992). Because we conclude that the trial court's judgment does not violate the Code, we reverse the judgment of the court of appeals and affirm the judgment of the trial court.

I.

George and Rita Rodriguez were married in November 1983, when both were employed by the United States Postal Service in Houston. Their only child was born in August

1984. Shortly after their marriage, George quit his job to begin training to become a chiropractor. Rita continued her job at the Postal Service while George was a full-time student. After George obtained his degree, they relocated to San Antonio, where George established his chiropractic practice. The parties separated in early 1990 and filed for divorce. They agreed to be joint managing conservators for their six year-old son, with Rita having primary custody. The trial court approved the agreement, then heard evidence on the marital property and child support. At the hearing, the trial court ordered George to pay $2,500 per month in child support.

The trial court made findings of fact that George had approximately $8,900 in monthly net resources from his chiropractic practice, that Rita was unemployed, and that child support of $2,500 per month was "an equitable amount of support, based on the *needs of the child* at the time of the order, and the *net resources of the parents* " (emphasis added). The court of appeals reversed. It held that the evidence of the needs of the child only supported a maximum monthly award of $1,742.17. It then remanded the case to the trial court for a new trial, with instructions regarding the child support to be awarded.

## II.

■ A trial court has discretion to set child support within the parameters established by the child support guidelines set forth in the Code. *See* TEX.FAM.CODE ANN. § 14.05(a) (Vernon Supp.1993). A trial court's decision in this regard will not be overturned unless a clear abuse of discretion is shown. *Cohen v. Sims,* 830 S.W.2d 285, 288 (Tex.App.—Houston [14th Dist.] 1992, writ denied); *Hoffman v. Hoffman,* 805 S.W.2d 848, 851 (Tex.App.—Corpus Christi 1991, writ denied). Therefore, we review the trial court's actions under this abuse of discretion standard.

## III.

The legislature enacted guidelines for awarding child support out of an obligor's monthly net resources which differentiate between an obligor's net resources which are less than or equal to $4,000 and an obligor's net resources which exceed $4,000. These guidelines are:

### § 14.055. Guidelines; Amount Ordered

(a) Rebuttable Presumption. The guidelines for the support of a child in this chapter are specifically designed to apply to situations in which the obligor's monthly net resources are $4,000 or less. In any suit affecting the parent-child relationship, there is a rebuttable presumption that an order containing the amount of periodic child support payments established by the schedule provided in this section is reasonable and that the order is in the best interest of the child. A court may determine that the application of the guidelines would be unjust or inappropriate under the circumstances.

(b) Schedule: $4,000 or Less Monthly Net Resources. In rendering an order of child support under circumstances in which the obligor's monthly net resources are $4,000 or less, the court shall presumptively apply the following schedule:

CHILD SUPPORT GUIDELINES BASED ON THE MONTHLY NET RESOURCES OF THE OBLIGOR

| | |
|---|---|
| 1 child | 20% of Obligor's Net Resources |
| 2 children | 25% of Obligor's Net Resources |
| 3 children | 30% of Obligor's Net Resources |
| 4 children | 35% of Obligor's Net Resources |
| 5 + children | Not less than the amount for 4 children |

(c) More Than $4,000 Monthly Net Resources. In situations in which the obligor's net resources exceed $4,000 per month, the court shall presumptively apply the percentage guidelines in Subsection (b) of this section to the first $4,000 of the obligor's net resources. Without further reference to the percentage recommended by these guidelines, the court may order additional amounts of child support as proven, depending on the *needs of the child at the time of the order.*

TEX.FAM.CODE ANN. § 14.055(a)-(c) (Vernon Supp.1993) (emphasis added).[1]

The Code permits a trial court to vary from the guidelines applied to net monthly resources of up to $4,000 by considering various factors listed in §§ 14.052(b) and 14.054. Section 14.052(b) provides:

(b) Factors. In determining the amount of child support, the court shall be guided by the guidelines and may consider, in varying from or following the guidelines:

(1) the needs of the child;

(2) the ability of the parents to contribute to the support of the child;

(3) any financial resources available for the support of the child; and

(4) the amount of possession of and access to a child.

*Id.* § 14.052(b) (Vernon Supp.1993).

Section 14.054 provides additional evidentiary factors that a trial court may consider:

In applying the guidelines for the support of a child in this chapter, the court shall be guided by the guidelines for the support of a child in this chapter. However, the court may, in rendering its final determination of the amount of child support either within or outside the range recommended in Section 14.055 of this code if relevant factors other than the guidelines justify a variance from the guidelines. In making its final determination, the court shall consider all relevant factors, including but not limited to:

(1) the amount of the obligee's net resources, including the earning potential of the obligee if the actual income of the obligee is significantly less than what the obligee could earn because the obligee is intentionally unemployed or underemployed, and including, as provided by Section 14.053(e) of this code, any increase or decrease in the income of the obligee or income that may be attributed to the property and assets of the obligee;

(2) the age and needs of the child;

(3) child care expenses incurred by either party in order to maintain gainful employment;

(4) whether either party has the managing conservatorship or actual physical custody of another child;

(5) the amount of child support actually and currently being paid or received by either party under another child support order;

(6) the amount of alimony or spousal maintenance actually and currently being paid or received by a party;

(7) the expenses for a son or daughter for education beyond secondary school;

(8) whether the obligor or obligee has an automobile, housing, or other benefits furnished by his or her employer, another person, or a business entity;

(9) the amount of other deductions from the wage or salary income and from other compensation for personal services of the parties;

(10) provision for health care insurance and payment of uninsured medical expenses;

(11) special or extraordinary educational, health care, or other expenses of the parties or of the child;

(12) the cost of travel in order to exercise access to or possession of a child;

(13) positive or negative cash flow from any real and personal property and assets, including a business and investments;

---

1. The Supreme Court guidelines in effect prior to 1989 did not limit a trial court to consider only the needs of a child. The applicable guideline stated, in pertinent part:

In situations in which the obligor's net resources exceed $4,000 per month, the court should apply the percentage guidelines contained in Rule 5 to the first $4,000 of the obligor's net resources, and, without further reference to the percentage recommended by these guidelines, may order additional amounts of child support as are appropriate, depending on the lifestyle of the family, the income of the parties, and the needs of the child. Supreme Court of Texas, *Child Support Guidelines,* Rule 5 (Feb. 4, 1987) (repealed 1989) (located following TEX.FAM.CODE ANN. § 14.05 (Vernon Supp.1989)) (emphasis added) (hereinafter the "Supreme Court Guidelines").

Section 14.055(c) superseded the Supreme Court Guidelines. *See* TEX.FAM.CODE ANN. § 14.-052(d) (Vernon Supp.1993).

(14) debts or debt service assumed by either party; and

(15) any other reason or reasons consistent with the best interest of the child, taking into consideration the circumstances of the parents.

*Id.* § 14.054 (Vernon Supp.1993). The factors listed in § 14.052(b) and § 14.054 provide bases for variance from strict application of the percentage guidelines, but only apply to the first $4,000 of net resources.[2]

■ In its findings of fact, the trial court found that George's monthly net resources were $8,900. Therefore, § 14.055(c) governed the determination of child support. The trial court also found that the child support award of $2,500 was "an equitable amount of support, based on the *needs of the child* at the time of the order, and the *net resources of the parents* " (emphasis added). Because § 14.055(c) requires additional child

support awarded out of an obligor's net monthly resources that exceed $4,000 per month to be based solely on the *needs of the child at the time of the order*, the court of appeals concluded that the trial court's order could not stand. We agree with the court of appeals that above $4,000 of net monthly resources, additional child support may only be awarded based on the needs of the child.[3] However, the court of appeals went further. It noted that the evidence established that the needs of the child were only $1,742.17 per month. Based upon that observation, it concluded that the proper calculation of the child support required subtracting the presumptive award, $800 out of the monthly net resources up to $4,000, from the total needs proven of $1,742.17. Thus the court of appeals instructed the trial court that only an additional $942.17 could be awarded out of the monthly net resources exceeding $4,000.

---

**2.** Although § 14.055(a) states that the percentage guidelines apply only to situations in which the obligor's net monthly resources are $4,000 or less, § 14.055(c) provides that the percentage guidelines apply to the first $4,000 even when net monthly resources exceed $4,000.

At oral argument, both parties conceded that § 14.055(c) does not require a trial court to rigidly apply the percentage guidelines, without consideration of the § 14.052(b) and § 14.054 factors, to the first $4,000 of net resources.

**3.** We note that Texas has long based awards of child support on the needs of the child, tempered by the ability of the obligor parent (historically the father) to pay. See, *e.g., Gully v. Gully*, 111 Tex. 233, 231 S.W. 97, 99–100 (1921); *Nixon v. Nixon*, 540 S.W.2d 740, 741 (Tex.Civ.App.—Texarkana 1976, no writ). The phrase "needs of the child" first appeared in the statutes when the Family Code was enacted in 1973. Act of May 24, 1973, 63rd Leg., R.S., ch. 543, 1973 Tex.Gen. Laws 1411, 1424 (codified at Tex.Fam.Code Ann. § 14.05(a)) (amended 1989). The 1989 amendments codifying the Supreme Court Guidelines deleted the reference to "needs of the child" in § 14.05 of the Code and inserted the current references in §§ 14.052(b)(1), 14.054(2), and 14.-055(c) of the Code. Act of May 12, 1989, 71st Leg., R.S., ch. 617, § 6, 1989 Tex.Gen.Laws 2030, 2036, 2038. However, "needs of the child" has not been satisfactorily defined in the statutes or case law.

One court of appeals recently stated that "needs of the child" were "not based solely on *current expenditures for necessities, but in addi*tion to monthly net resources, must take into consideration ability to pay and the lifestyle of

the family and particularly the obligor." *Belcher v. Belcher*, 808 S.W.2d 202, 207 (Tex.App.—El Paso 1991, no writ). We disapprove of this definition under § 14.055(c) of the Code. *Belcher* relies on *Anderson v. Anderson*, 770 S.W.2d 92, 95–96 (Tex.App.—Dallas 1989, no writ), as authority for this definition. However, *Anderson* was decided under the pre–1989 Supreme Court Guidelines, which specifically permitted a trial court to award child support from net resources that exceed $4,000 based on the lifestyle of the family and the income of the parties in addition to the needs of the child. *Id.; see also* Supreme Court Guidelines, Rule 5 (repealed 1989). The 1989 codification of § 14.055(c) specifically omitted lifestyle and income as factors to be considered in awarding additional child support, leaving only needs of the child. We presume that legislature omitted these phrases for a reason when it codified the Supreme Court Guidelines. *See Cameron v. Terrell & Garrett, Inc.,* 618 S.W.2d 535, 540 (Tex.1981). Therefore, it would be incorrect to adopt a definition of "needs of the child" that includes factors specifically excluded from consideration when § 14.055(c) was enacted.

On the other hand, both parties concede, and Texas law has always held, that "needs" is not limited to bare necessities of life. *See, e.g., Courville v. Courville*, 568 S.W.2d 719, 720 (Tex.Civ. App.—Beaumont 1978, no writ). We therefore conclude that "needs of the child" includes more than the bare necessities of life, but is not determined by the parents' ability to pay or the lifestyle of the family. In determining the needs of the child, we direct courts to continue to follow the paramount guiding principle: *the best interest of the child.*

**418**

The record does not support this conclusion nor the instruction to the trial court.

We presume, as did the court of appeals, that the trial court followed the dictates of § 14.055(c) and awarded $800 out of the first $4,000 of net resources. While we agree with the court of appeals that any award of additional child support from net resources in excess of $4,000 must be based only on the needs of the child, this does not lead us to conclude that the $800 award out of the first $4,000 of net resources is *conclusively* presumed to be based on the needs of the child. To the contrary, we note that the presumptive award is an amount that the trial court may award in lieu of making detailed findings as to the basis of the award. *See* TEX. FAM.CODE ANN. § 14.052(b) (court may consider not only needs of the child, but also ability of parents to contribute to child's support, financial resources available for child's support, and amount of possession and access to child in varying from or *following* the percentage guidelines). Consequently, the presumptive award necessarily encompasses a number of factors that are not limited just to the needs of the child.

### IV.

■ The court of appeals found no evidence to support a child support award of $2,500. In doing so, the court of appeals inferred that the trial court could not properly have reached the $2,500 figure by adding the presumptive percentage award ($800) to the full value of the child's needs ($1,742). However, when considering a question of no evidence a reviewing court may consider only evidence and inferences tending to support a finding and must disregard all evidence and inferences to the contrary. *Lewelling v. Lewelling,* 796 S.W.2d 164, 166 (Tex.1990); *Roark v. Allen,* 633 S.W.2d 804, 809 (Tex.

1982). This inference by the court of appeals is contrary to the trial court's findings of fact and judgment.

■ The total award of $2,500 does not demonstrate that the amount awarded from the net monthly resources in excess of $4,000 exceeded the needs of the child. First, without a specific finding of fact as to its purpose, the $800 presumptive award is just that—a presumptive award.[4] Second, the $1,742.17 of proven needs is greater than the $1,700 awarded from George's net monthly resources that exceeded $4,000. The findings of fact do not indicate that any part of the $1,700 over the first $800 of child support awarded is in excess of the proven needs of the child. Where findings of fact are subject to more than one reasonable construction, they should be given the meaning which will support the judgment. *DeLlano v. Moran,* 160 Tex. 490, 333 S.W.2d 359, 360 (1960). The findings of fact may be construed such that the child support awarded over and above the presumptive percentage was based solely on the needs of the child, in accordance with § 14.055(c). By construing the $1,700 awarded from net resources in excess of $4,000 to be for the needs of the child only, the trial court's judgment was within the parameters set forth in the Code. Thus, we cannot say that the trial court abused its discretion to award child support as a matter of law.

Accordingly, we reverse the judgment of the court of appeals and affirm the judgment of the trial court.

---

4. Section 14.057 of the Code requires a trial court to make findings of fact of its reasons for varying from the percentage guidelines; it does not require a trial court to make findings regarding its basis for the presumptive percentage award. *See* TEX.FAM.CODE ANN. § 14.057 (Vernon Supp.1993). We do not add such a requirement here. We note only that we do not have the benefit of any explanation by the trial court for determining what portion of its award out of the first $4,000 of net resources are based on the

needs of the child. It obviously would be helpful for appellate review of child support awards, when the obligor's net resources exceed $4,000 per month, to have the benefit of the trial court's findings concerning the basis for the presumptive percentage award, and we commend this practice to our trial courts. *Cf. TransAmerican Natural Gas Corp. v. Powell,* 811 S.W.2d 913, 919 n. 9 (Tex.1991) (applying a similar standard to appellate review of discovery sanctions).