NO. 07-02-0492-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

MAY 1, 2003

_____

IN THE MATTER OF THE MARRIAGE OF ANGELA
LYNN SEAGER AND IAN DAVID SEAGER, JR. AND
IN THE INTEREST OF IAN ANDREW SEAGER AND
ELIJA DAVID SEAGER, CHILDREN

_____

FROM THE 320TH DISTRICT COURT OF POTTER COUNTY;

NO. 62,365-D; HON. DON EMERSON, PRESIDING

_____

***Memorandum Opinion***

_____

Before QUINN and REAVIS, JJ., and BOYD, S.J.[1]

In one issue, appellant Ian David Seager, Jr. (Ian), asserts that the trial court abused its discretion in ordering that he pay child support in the amount of $418 per month. The order was part of a final divorce decree signed on August 30, 2002. According to Ian, no evidence supports the trial court's determination. Furthermore, the only brief before us is that of Ian; his ex-spouse, Angela, did not file a response to it. We reverse the judgment of the trial court.

---

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2003).

### Standard of Review

A trial court has discretion to set child support within the parameters established by statute. *Rodriguez v. Rodriguez*, 860 S.W.2d 414, 415 (Tex. 1993). Furthermore, we cannot interfere with its decision unless we hold that it abused its discretion. *Id.* Whether it abused its discretion depends upon whether the decision comports with guiding rules and principles, *In re Striegler*, 915 S.W.2d 629, 637 (Tex. App.--Amarillo 1996, writ denied); *In re Hamer*, 906 S.W.2d 263, 265 (Tex. App.--Amarillo 1995, no writ), and is supported by some evidence of substantive and probative force. *Wilemon v. Wilemon*, 930 S.W.2d 290, 294 (Tex. App.--Waco 1996, no writ); *In re Hamer*, 906 S.W.2d at 265.

### Application of Standard

At the hearing, no one presented any evidence of Ian's income, financial worth, assets, or debts. Nor did anyone present evidence of the needs of the children who were to be the beneficiaries of the support payments. Instead, in determining the amount of Ian's support obligation, the trial court simply adopted the sum it previously assessed via a temporary order. That temporary order, however, was executed approximately 20 months earlier, *i.e.* January 11, 2001. Moreover, since then, Ian went "on disability" according to Angela (Ian's ex-spouse and prospective recipient of the support payment). So too did she admit that he could not pay the support previously ordered. According to Ian, he had a brain aneurysm that left him 100 percent disabled.

In short, the sum total of the evidence touching upon the issue of child support consisted of a temporary order previously awarding Angela child support and testimony from Angela negating Ian's current ability to pay that amount. That constitutes no

evidence of a substantive and probative nature upon which the trial court could order him to pay $418 per month in support. Instead, it is some evidence that his income has significantly diminished and that he cannot pay the sum, especially since the purported recipient admitted as much.

Accordingly, we sustain Ian's issue, reverse only that portion of the final judgment ordering him to pay child support, and remand the cause for further proceedings.


Brian Quinn
Justice

3