NO. 07-02-0492-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



 MAY 1, 2003


______________________________



IN THE MATTER OF THE MARRIAGE OF ANGELA 


LYNN SEAGER AND IAN DAVID SEAGER, JR. AND


IN THE INTEREST OF IAN ANDREW SEAGER AND


ELIJA DAVID SEAGER, CHILDREN


_________________________________



FROM THE 320TH DISTRICT COURT OF POTTER COUNTY;



NO. 62,365-D; HON. DON EMERSON, PRESIDING


_______________________________



Memorandum Opinion


_______________________________



Before QUINN and REAVIS, JJ., and BOYD, S.J. (1)

 In one issue, appellant Ian David Seager, Jr. (Ian), asserts that the trial court
abused its discretion in ordering that he pay child support in the amount of $418 per
month. The order was part of a final divorce decree signed on August 30, 2002. 
According to Ian, no evidence supports the trial court's determination. Furthermore, the
only brief before us is that of Ian; his ex-spouse, Angela, did not file a response to it. We
reverse the judgment of the trial court.




Standard of Review


 A trial court has discretion to set child support within the parameters established by
statute. Rodriguez v. Rodriguez, 860 S.W.2d 414, 415 (Tex. 1993). Furthermore, we
cannot interfere with its decision unless we hold that it abused its discretion. Id. Whether
it abused its discretion depends upon whether the decision comports with guiding rules
and principles, In re Striegler, 915 S.W.2d 629, 637 (Tex. App.--Amarillo 1996, writ
denied); In re Hamer, 906 S.W.2d 263, 265 (Tex. App.--Amarillo 1995, no writ), and is
supported by some evidence of substantive and probative force. Wilemon v. Wilemon, 930
S.W.2d 290, 294 (Tex. App.--Waco 1996, no writ); In re Hamer, 906 S.W.2d at 265.

Application of Standard


 At the hearing, no one presented any evidence of Ian's income, financial worth,
assets, or debts. Nor did anyone present evidence of the needs of the children who were
to be the beneficiaries of the support payments. Instead, in determining the amount of
Ian's support obligation, the trial court simply adopted the sum it previously assessed via
a temporary order. That temporary order, however, was executed approximately 20
months earlier, i.e. January 11, 2001. Moreover, since then, Ian went "on disability"
according to Angela (Ian's ex-spouse and prospective recipient of the support payment). 
So too did she admit that he could not pay the support previously ordered. According to
Ian, he had a brain aneurysm that left him 100 percent disabled.

 In short, the sum total of the evidence touching upon the issue of child support
consisted of a temporary order previously awarding Angela child support and testimony
from Angela negating Ian's current ability to pay that amount. That constitutes no
evidence of a substantive and probative nature upon which the trial court could order him
to pay $418 per month in support. Instead, it is some evidence that his income has
significantly diminished and that he cannot pay the sum, especially since the purported
recipient admitted as much.

 Accordingly, we sustain Ian's issue, reverse only that portion of the final judgment
ordering him to pay child support, and remand the cause for further proceedings. 


 Brian Quinn

 Justice









 
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't
Code Ann. §75.002(a)(1) (Vernon Supp. 2003). 



 1194, 10 L.Ed.2d 215 (1963).