In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-05-014 CV


____________________



IN THE INTEREST OF R.W.






On Appeal from the County Court at Law No. 3


Montgomery County, Texas


Trial Cause No. 04-08-06357-CV






MEMORANDUM OPINION


 This is an appeal from an order of modification of appellant Kenneth Wilgers, Sr.'s
child support obligation. The trial court found that Wilgers had net resources of more than
$6,000 monthly and ordered a monthly child support payment of $1,000. See Tex. Fam.
Code Ann. § 154.126 (Vernon 2002). In his sole issue, Wilgers argues that the trial court
abused its discretion in ordering child support in excess of the statutory guidelines because
there was no evidence either that his net resources exceeded $6,000 per month or that the
proven needs of the child exceeded the presumptive amount of child support. We hold that
the trial court abused its discretion, and we reverse the modification order and remand to the
trial court for further proceedings.

 On September 18, 2003, the Attorney General filed a motion to modify child support 
and on October 7, 2004, the trial court held a hearing on the motion. At the hearing, both
parties agreed that Wilgers had at least $6,000 in monthly net resources, Wilgers had a duty
to support four other children, and 13.6% was the applicable presumptive percentage
guideline. 

 Tammy Russell, R.W.'s mother, testified for the Attorney General. Russell testified
that R.W. participates in little league sports, which require fees of $150 to $170 every two
or three months. Russell also explained that R.W. wanted to attend summer camp at a cost
of $170 per week, but did not do so. Other expenses for R.W. included the $20 per week
Russell provides him for snacks, $300 a year for school clothes, $50 to $54 per month for
medication, $60 to $126 every four months for dental visits, and an occasional $20
babysitter's fee. 

 The trial court found that: (1) Wilgers's monthly net resources were $7,352.94; (2)
the percentage to be applied to Wilgers's net resources was 13.6%; (3) if the percentage
guidelines were applied to the first $6,000 of Wilgers's monthly net resources, the amount
of child support would be $1,000 per month; (4) "there are reasonable needs of the child that
justify current child support beyond the child support guideline presumption"; and (5)
Wilgers had one child before the court and four children who were not before the court. 
Wilgers argues that the presumptive child support award of $1,000 per month was a
mathematical error and the proper award should be $816 per month. He further argues that
there was no evidence that the total proven needs of the child exceeded the presumptive
guideline amount of child support. Alternatively, Wilgers argues that there is no evidence
to support the trial court's finding that his net resources are $7,352.94 per month. Because
we find the total proven needs of the child do not exceed the presumptive amount of child
support based on the first $6,000 of Wilgers's monthly net resources, we need not reach nor
do we make any finding of Wilgers's total monthly net resources.

 "A court's child support order will not be disturbed on appeal unless the complaining
party shows that the order constituted a clear abuse of the court's discretion." Farish v.
Farish, 921 S.W.2d 538, 541 (Tex. App.--Beaumont 1996, no writ) (citing Worford v.
Stamper, 801 S.W.2d 108, 109 (Tex. 1990)). Once the court determines a material and
substantial change has occurred, the extent of the alteration of the amount of child support
also lies within the court's discretion. Id. The test for abuse of discretion is whether the trial
court acted arbitrarily or unreasonably, without reference to any guiding rules or principles. 
Royer v. Royer, 98 S.W.3d 284, 285 (Tex. App.--Beaumont 2003, no pet.). A trial court
abuses its discretion when it fails to analyze or apply the law to the facts correctly. Walker
v. Packer, 827 S.W.2d 833, 840 (Tex. 1992).

 The Family Code provides that when the obligor's net resources exceed $6,000 per
month, the court is to apply the presumptive percentage guidelines to the first $6,000. Tex.
Fam. Code Ann. § 154.126(a) (Vernon 2002). The presumptive percentage guideline
applied to the net resources of an obligor with one child before the court and four other
children for whom the obligor has a duty to support is 13.6%. See Tex. Fam. Code Ann. §§
154.128, 154.129 (Vernon 2002). Applying the presumptive percentage guideline to the first
$6,000 of Wilgers's monthly net resources, we find the proper presumptive award of child
support to be $816. See Tex. Fam. Code Ann. §§ 154.126(b), 154.128, 154.129 (Vernon
2002).

 The trial court "may order additional amounts of child support as appropriate,
depending on the income of the parties and the proven needs of the child." Tex. Fam. Code
Ann. § 154.126(a) (Vernon 2002). If the court orders more than the presumptive award,
section (b) requires that the court first determine the proven needs of the child. See Tex.
Fam. Code Ann. § 154.126(b) (Vernon 2002). If the needs of the child exceed the
presumptive amount, the court must subtract the presumptive amount from those needs. See
id. The court must then allocate between the parties the responsibility to meet the additional
needs of the child, depending on the circumstances of the parties. See id. "However, in no
event may the obligor be required to pay more child support than the greater of the
presumptive amount or the amount equal to 100 percent of the proven needs of the child." 
Id. The Texas Supreme Court has interpreted this section of the Family Code to provide that
the "needs of the child" include more than "bare necessities of life" and courts must follow
the paramount guiding principle of "the best interest of the child" in determining the proper
award. Rodriguez v. Rodriguez, 860 S.W.2d 414, 417 n. 3 (Tex. 1993).

 Because the trial court awarded $1,000 in child support, which is greater than the
presumptive amount of $816, the court was required to find that the proven needs of the child
exceeded the presumptive amount. See Tex. Fam. Code Ann. § 154.126(b) (Vernon 2002).
The only evidence of the needs of the child, as provided by Russell's testimony, included
approximately: (1) $85 per month for sports activities fees; (2) $113 for summer camp fees
for two months; (3) $80 per month for weekly snacks; (4) $25 per month for school clothes; 
(5) $31.50 per month for dental visits; and (6) $54 per month for medication. Russell's
testimony regarding the $20 babysitter's fee will not be considered because Russell did not
specify how often the fee arises. Therefore, the total proven needs of the child, excluding
the babysitter's fee, totaled only approximately $388.50. There was no evidence introduced
concerning the ordinary and recurring monthly living expenses allocated to R.W. 

 As appellee concedes, the evidence does not show that the child's proven total needs
($388.50) exceed the presumptive guideline amount of child support ($816). Based on the
record in this case, the trial court abused its discretion by ordering monthly child support
payments in excess of the presumptive amount pursuant to the standard child support
guidelines. See id. at §154.126(b). We sustain Wilgers's issue. We reverse the order of
modification of support and remand to the trial court for further proceedings consistent with
this opinion.

 REVERSED AND REMANDED.

 __________________________

 CHARLES KREGER

 Justice


Submitted September 13, 2005

Opinion Delivered March 9, 2006


Before Kreger, Gaultney and Horton, JJ.