# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-26-00121-CV

---

### In re Meredith Johnson

---

### ORIGINAL PROCEEDING FROM WILLIAMSON COUNTY

---

### M E M O R A N D U M   O P I N I O N

Relator Meredith Johnson (Mother) filed a motion for emergency relief and a petition for writ of mandamus challenging the trial court's order denying her motion to compel discovery. We granted the emergency motion, temporarily stayed all proceedings pending further order of this Court, and requested a response. *See* Tex. R. App. P. 52.10(b). Real party-in-interest Cary Rabb (Father) filed a response, and Mother filed a reply to the response. Having reviewed the parties' filings and the record, we conditionally grant the writ. We also lift the temporary stay.

### BACKGROUND

This original proceeding arises from a suit between Mother and Father concerning child support for their nine-year-old child (Child). Child was born in Hawaii and lives there with Mother, and Father lives in Texas. *See In re A.M.G.J.*, No. 13-24-00084-CV, 2025 WL 1186320, at *1 (Tex. App.—Corpus Christi–Edinburg Apr. 24, 2025, no pet.) (mem.

op.) (providing background of underlying suit). Father, who has not seen Child in person since 2019, initially brought the underlying suit in 2022 to establish paternity and child support obligations, and Mother filed a counterpetition seeking child support above the statutory guidelines. *See id*. A trial on the merits occurred in October 2023, and the trial court's judgment denied Mother's request for child support above the statutory guidelines. Mother appealed the final judgment, and in April 2025, our sister court reversed and remanded the case to the trial court on the ground that the trial court erred by not allowing Mother to testify remotely during trial. *See id.* at *3–4 (citing to Uniform Interstate Family Support Act); *see also* Tex. Fam. Code § 159.316(f).

After the case was remanded, the trial court held a hearing on October 8, 2025, on Mother's motion to compel discovery, which sought the production of documents including "[u]nredacted 2023 and 2024 Tax Returns" "with the exception that all but the last four of social security numbers may be redacted" and "[a]ccompanying schedules and attachments." During the hearing, the trial judge stated that she was "inclined" to "order the full disclosure of the two years tax returns per 154.063," *see* Tex. Fam. Code § 154.063, but she gave the parties the opportunity to file briefs. By that point, Father had produced copies of one page of his 2022 tax return and two pages of his 2024 tax return with redactions.

Father's deposition was taken a few weeks later. Father testified that he retired in 2021 when he sold his convenience store businesses, that he could not recall what his W-2 income was before he sold the businesses, and that he could not disclose the amount he received from the sale of his businesses because of a non-disclosure agreement. As to his investments, Father testified that he has brokerage accounts that were somewhere between $1,000,000 and $50,000,000; that he has real estate investments that generate income and long-term capital

2

investments; and that he was the sole member of an entity that owns a plane. Father believed that he should pay the maximum amount in child support that the state allows, but he either declined to answer, answered that he would not speculate, or provided only general answers when asked questions about his investments.

The trial on remand was set for December 4, 2025, but it was continued by agreement. Mother was having health issues. By that point, both parties had filed briefs concerning Mother's motion to compel discovery, and at the hearing on that day, the parties agreed on the record that the trial court had denied Mother's motion but had not signed an order reflecting its ruling. The trial court thereafter signed an order denying the motion on December 18, 2025. Mother then sought mandamus relief from this Court on February 4, 2026.

## ANALYSIS

In her petition, Mother contends that she is entitled to more financial information than Father has produced. In particular, she is seeking mandamus relief that requires Father to produce federal income tax returns for the last two years.[1]

### Standard of Review

To be entitled to mandamus relief, Mother must show that the trial court clearly abused its discretion and that she has no adequate remedy by appeal. *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004). "A trial court has no 'discretion' in determining what the law is or applying the law to the facts." *Id.* (citing *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992)). And an appeal may be inadequate "when 'a party's ability to

---

[1] To the extent that Mother references other financial documents in her petition, we construe her requested relief in her petition to concern Father's income tax returns and express no opinion as to whether she is entitled to other financial documents from him.

3

present a claim or defense at trial is vitiated or severely compromised by the trial court's discovery error'" or "when 'the missing discovery cannot be made a part of the appellate record . . . and the reviewing court is unable to evaluate the effect of the trial court's error.'" *In re McAllen Med. Ctr., Inc.*, 275 S.W.3d 458, 468 (Tex. 2008) (quoting *Walker*, 827 S.W.2d at 843).

**Requirement to Produce Income Tax Returns in Child-Support Proceedings**

In the context of child-support proceedings, the trial court must require parties to produce copies of their federal income tax returns as well as sufficient information of net resources and ability to pay child support:

> The court shall require a party to:
>
> (1) furnish information sufficient to accurately identify that party's net resources and ability to pay child support; and
>
> (2) produce copies of income tax returns for the past two years, a financial statement, and current pay stubs.

Tex. Fam. Code § 154.063. The plain language of this provision makes clear that the trial court has a duty to require the parties to comply with the provision's disclosure requirements. *See* Tex. Gov't Code § 311.016(2) ("'Shall' imposes a duty."); *Presidio Indep. Sch. Dist. v. Scott*, 309 S.W.3d 927, 930 (Tex. 2010) (construing text according to "plain and common meaning unless a contrary intention is apparent from the context or unless such a construction leads to absurd results" (citing *City of Rockwall v. Hughes*, 246 S.W.3d 621, 625–26 (Tex. 2008))).

In his response, Father recognizes that section 154.063(2) "mandates production of a party's tax return," but he argues that "it does not limit the court's discretion to allow

redactions that are immaterial or irrelevant to the issues in dispute." Father argues that producing his income tax returns other than the three pages that he produced was unnecessary because his produced documents demonstrated that his net resources exceed the current statutory maximum as set out in section 154.125(a), and thus, that the burden shifted to Mother to establish Child's needs. *See* Tex. Fam. Code §§ 154.125(a) (providing child support guidelines when "obligor's monthly net resources are not greater than the maximum amount of net resources to which the statutory guidelines are applicable"), .126 (explaining application of guidelines to obligor's additional net resources). As support for his position, Father relies on *Rodriguez v. Rodriguez*, 860 S.W.2d 414, 418 (Tex. 1993). The court in *Rodriguez*, however, was not addressing the statutory requirement that income tax returns be produced in child-support proceedings, *see id.*, and the statute in effect when that case was decided concerning above-guideline child support "permitted only the needs of the child to be used as justification for an award over and above the presumptive award," *In re V.J.A.O.*, No. 05-15-01534-CV, 2017 WL 930025, at *3 (Tex. App.—Dallas Mar. 9, 2017, pet. denied) (mem. op.).[2]

Pursuant to section 154.126, Mother's claim requires that she present evidence of Child's additional needs but also of Father's net resources and the parties' income and

---

[2] Father also cites to cases that address privacy concerns with the disclosure of federal income taxes, but those cases do not address a statutorily mandated requirement to disclose. *See Hall v. Lawlis*, 907 S.W.2d 493, 494–95 (Tex. 1995) (expressing reluctance to allow "uncontrolled and unnecessary discovery of federal income tax returns"); *Maresca v. Marks*, 362 S.W.2d 299, 301 (Tex. 1962) (holding that "the trial judge abused his discretion in ordering relators to produce for respondent's inspection and copying their entire income tax returns for the years in question, without separation of the relevant and material parts from the irrelevant and immaterial parts thereof"); *In re Brewer Leasing, Inc.*, 255 S.W.3d 708, 714 (Tex. App.—Houston [1st Dist.] 2008, orig. proceeding) (explaining that discovery of federal tax returns must be necessary and not duplicative because they are considered to be private); *In re Sullivan*, 214 S.W.3d 622, 625 (Tex. App.—Austin 2006, orig. proceeding) (holding that trial court abused its discretion in compelling production of tax returns).

circumstances such that the trial court can "allocate between the parties the responsibility to meet the additional needs of the child according to the circumstances of the parties." *See* Tex. Fam. Code §§ 154.126,[3] .062 (requiring court to calculate net resources for purposes of determining child-support liability and addressing types of income that courts consider in calculation); *In re V.J.A.O.*, 2017 WL 930025, at *1–6 (explaining calculation for making above-guideline award and allocation of additional child support); *see also Klages v. Klages*, No. 03-20-00086-CV, 2021 WL 2604064, at *3–5 (Tex. App.—Austin June 25, 2021, no pet.) (mem. op.) (describing evidence that supported child support above statutory guideline amount); *In re Grossnickle*, 115 S.W.3d 238, 246–48 (Tex. App.—Texarkana 2003, no pet.) (describing financial evidence, including income tax returns, that trial court considered in determining amount of child support).

---

[3] Section 154.126 provides in full:

(a) If the obligor's net resources exceed the amount provided by Section 154.125(a), the court shall presumptively apply the percentage guidelines to the portion of the obligor's net resources that does not exceed that amount. Without further reference to the percentage recommended by these guidelines, the court may order additional amounts of child support as appropriate, depending on the income of the parties and the proven needs of the child.

(b) The proper calculation of a child support order that exceeds the presumptive amount established for the portion of the obligor's net resources provided by Section 154.125(a) requires that the entire amount of the presumptive award be subtracted from the proven total needs of the child. After the presumptive award is subtracted, the court shall allocate between the parties the responsibility to meet the additional needs of the child according to the circumstances of the parties. However, in no event may the obligor be required to pay more child support than the greater of the presumptive amount or the amount equal to 100 percent of the proven needs of the child.

Tex. Fam. Code § 154.126.

Thus, even without the statutory mandate that income tax returns be produced, the requested income tax returns here appear to be relevant and discoverable. *See* Tex. R. Civ. P. 192.3(a) (generally allowing discovery regarding any matter that is not privileged and is relevant to subject matter of pending action); *Powell v. Swanson*, 893 S.W.2d 161, 165 (Tex. App.—Houston [1st Dist.] 1995, no pet.) (concluding that trial court erred in failing to compel production of income tax return where father was self-employed and owned various rental properties because without tax returns, appellant and court were "unable to properly evaluate appellee's net resources" for purposes of determining child support).

Given the trial court's statutory duty in section 154.063, as well as the relevance of the requested income tax returns, we conclude that the trial court did not follow the law and clearly abused its discretion when it denied Mother's motion to compel the production of Father's income tax returns for the past two years. *See* Tex. Fam. Code § 154.063; *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 135–36.

**Procedural Challenges to Petition**

In his response, Father also raises procedural challenges to Mother's petition. He argues that this Court should deny Mother's petition because she has an adequate remedy on appeal, she waited too long to request mandamus relief, and she failed to provide an adequate record. We, however, decline to deny relief on any of these grounds.

As to the adequacy of a remedy on appeal, the underlying proceedings concern the care of Child, there already has been significant delay, and most importantly, allowing Father not to produce the requested income tax returns would impact Mother's ability to prove her claim as outlined above and the missing discovery would not be made a part of the appellate

7

record so that the reviewing court could evaluate the effect of the trial court's error.[4] *See In re McAllen Med. Ctr., Inc.*, 275 S.W.3d at 468.

As to Father's argument that Mother waited too long to seek mandamus relief, we cannot conclude that Mother's delay was unreasonable given that the trial court did not sign its order denying the motion to compel discovery until December 18, 2025, Mother filed the petition at the beginning of February, and the record shows that she was having significant health issues during that time. *See In re Laibe Corp.*, 307 S.W.3d 314, 318 (Tex. 2010) (orig. proceeding) (finding that delay in seeking mandamus was not fatal, explaining that "two-month delay in seeking mandamus relief is not necessarily unreasonable," and observing that real party in interest had not demonstrated "detrimental change in position because of the delay").

And as to Father's argument that the record is inadequate, Mother has complied with this Court's order and filed the transcripts from the relevant hearings and other documents from the underlying proceedings. *See* Tex. R. App. P. 52.3(k) (listing necessary contents of appendix), 52.6(b) (allowing record to be supplemented).

---

[4] In his deposition, Father testified that his investments were between $1,000,000 and $50,000,000 and that he had real estate and long-term capital investments, but he was unwilling or unable to testify with more specificity about the value of his investments, increasing Mother's need for the requested income tax returns to prove her claim.

8

**CONCLUSION**

For these reasons, we lift the temporary stay of the underlying proceedings, conditionally grant the petition for writ of mandamus, and direct the trial court to vacate its December 18, 2025, order to the extent that it denied relator's motion to compel the production of real party in interest's income tax returns for the past two years and, consistent with this opinion, to enter an order compelling real party in interest to produce those income tax returns.[5] The writ will issue only if the court does not comply with this opinion. *See id.* R. 52.8.

_____

Gisela D. Triana, Justice

Before Justices Triana, Kelly, and Ellis

Filed:   April 9, 2026

---

[5] To the extent that Mother requests that this Court order the trial court to set specified deadlines, we decline to do so.  Further, we express no opinion regarding whether, if requested, a protective or sealing order would be appropriate in conjunction with the production of Father's income tax returns. *See* Tex. R. Civ. P. 76a, 192.6.

9